# In the United States Court of Federal Claims

No. 21-1295C
(Filed: November 28, 2022)
**NOT FOR PUBLICATION**

***************************************
AHMAD ALJINDI, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
***************************************

**OPINION AND ORDER**

Plaintiff Ahmad Aljindi, proceeding *pro se*, claimed that the federal government has harmed him in various ways. After his complaint was dismissed, *see* Opinion & Order (ECF 13), Plaintiff appealed. The Federal Circuit affirmed in part, vacated in part, and remanded for this Court to "consider whether Dr. Aljindi's complaint contains the minimum required factual allegations to support a claim of copyright infringement[.]" *Aljindi v. United States*, No. 22-1117, 2022 WL 1464476, at *4 (Fed. Cir. May 10, 2022). The government has moved to dismiss under RCFC 12(b)(6), and Plaintiff has opposed.[1] Plaintiff has moved for summary judgment under RCFC 56, and the government has opposed.[2] The motion to dismiss is **GRANTED** and the motion for summary judgment is **DENIED**.

This Court has jurisdiction over claims for infringement of intellectual property by the government. *See* 28 U.S.C. § 1498(b). For Plaintiff to plead his claim adequately, this Court's Rules provide that he must set out a "short and plain statement of the claim showing that [he] is entitled to relief." RCFC 8(a)(2). By the same token, "[t]o survive a motion submitted under RCFC 12(b)(6), the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Scott v. United States*, 134 Fed. Cl. 755, 758 (2017) (quoting

---

[1] *See* Mot. to Dismiss (ECF 31); Resp. to Mot. to Dismiss (ECF 38); Reply in Supp. Mot. to Dismiss (ECF 41).
[2] *See* Mot. for Summ. J. (ECF 26); Resp. to Mot. for Summ. J. (ECF 34); Reply in Supp. Mot. for Summ. J. (ECF 39).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (itself quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (quotes omitted).

The Court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the Plaintiff." *Plaintiff No. 1 v. United States*, 154 Fed. Cl. 95, 99 (2021) (quoting *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009)). In addition, *pro se* plaintiffs are "entitled to a liberal construction of their pleadings." *Ogburn v. United States*, No. 21-1864C, 2022 WL 3210214, at *2 (Fed. Cl. Aug. 9, 2022) (quoting *Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (alteration omitted). But "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Scott*, 134 Fed. Cl. at 758 (quoting *McZeal v. Sprint Nextel Corp*., 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

As this Court's original dismissal order noted, even assuming Plaintiff meant to allege a taking of his intellectual property — a theory he seemed to disclaim, *see* Opinion & Order at 3 — his allegations were not facially plausible without factual allegations in the complaint about what the property consisted of, how it was taken, and what the government did with it. *See Scott*, 134 Fed. Cl. at 764. Much the same considerations require dismissal of any claim for copyright infringement.

In addition, it does not appear that Plaintiff alleges government use of anything that was copyrightable in the first place. Copyright protections do not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).[3] Individuals can own a copyright to the "literary form" of their work, but not "the ideas and information" their work contains. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 581 (1985); *Boyle v. United States*, 200 F.3d 1369, 1373 (Fed. Cir. 2000); *Shipkovitz v. United States*, 1 Cl. Ct. 400, 403 (1983). Even making allowances for Plaintiff as a *pro se* litigant, the material that he alleges the government used was not copyrightable. He has therefore failed to state a claim upon which relief can be granted.

Plaintiff claims that his intellectual property consisted of "scientific work about Information Security, Artificial Intelligence (AI), and Legacy Information Systems (LIS)[.]" Compl. at 2. Plaintiff concedes in response to the motion to dismiss that he

[3] There are two elements of copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Gaylord v. United States*, 595 F.3d 1364, 1372 (Fed. Cir. 2010).

is claiming copyright to a scientific "topic" or "field," *see* Resp. to Mot. to Dismiss at 4–5, which by definition cannot be copyrighted.

Plaintiff's motion for summary judgment underscores the point. Plaintiff asserts that the allegedly infringed work was his doctoral dissertation, which he provides as an exhibit along with its certificate of copyright registration. *See* Mot. for Summ. J. at Exhs. C & E. "The scientific intellectual property" at issue, he claims, "is the discovery of the entire Information Security, AI, and LIS scientific field in its entirety and establishing this scientific field from scratch[.]" *Id.* at 5. Because he believes that "[p]rior to my scientific research this field did not exist," he claims the right to all subsequent work on the subject: "[E]verything built on top of my property is my property." *Id.*; *see also id.* at 7 ("[A]s I have discovered this entire scientific field in its entirety, … all facts, findings, knowledge that falls under it and based on my scientific generic qualitative study and its formal findings are subsequent knowledge[.]"). He considers the "formal AI Strategies published by the federal government" to have infringed his work, *id.* at 7, because he does not think the government could have "know[n] about the relationship between AI, Information Security, and LIS without reading and taking my property and building on its formal scientific findings," *id.* at 5. And although Plaintiff attaches several government publications on artificial intelligence to his motion, he does not identify any part of their "literary form" that derived from his dissertation. *Harper & Row*, 471 U.S. at 581. All of this confirms that Plaintiff is erroneously seeking copyright protections not for the dissertation's copyrightable aspects, but for "idea[s], … concept[s], principle[s], or discover[ies]" it contains. 17 U.S.C. § 102(b).

When this Court dismisses complaints for failure to state a claim, it has discretion to allow leave to amend. This Court denies leave, however, when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 183 (1962); *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021); *Chapman v. United States*, 130 Fed. Cl. 216, 219 (2017). Because Plaintiff has made clear in multiple documents that the infringement he alleges relates to uncopyrightable ideas, leave to amend would be futile here.

For the foregoing reasons, Defendant's Motion to Dismiss (ECF 31) is **GRANTED** and the case is **DISMISSED** for failure to state a claim. Plaintiff's motion for summary judgment (ECF 26) is **DENIED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge